[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12558
Non-Argument Calendar

_____

D.C. Docket  No. 04-20945-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL COLLIE HUGHES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 12, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Michael Collie Hughes appeals his 60-month sentence, imposed after he pled guilty to illegal re-entry of a previously deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). No reversible error has been shown; we affirm.

The presentence investigation report (PSI) indicated that Hughes, a native and citizen of Jamaica, previously had been deported in 1990 and in 1994. He later reentered the United States but was arrested in 2003 on state charges, convicted, and turned over to the federal government in 2004 to face the charge in this case. The PSI reflected Hughes's extensive criminal history, which showed that he had many felony convictions, including convictions for drug and weapon possession and for aggravated assault and battery.

At sentencing, the district court indicated that Hughes, because he had an aggravated felony conviction, was subject to a 20-year statutory maximum sentence. Based on Hughes's total offense level of 13 and a criminal history category of VI, the district court set Hughes's guideline range at 33 to 41 months' imprisonment.[1] But, the district court determined that a higher sentence was appropriate. The court recognized that it was to consider the factors in 18 U.S.C.

---

[1]The district court expressly rejected the PSI's recommendation of a 16-level enhancement, § 2L1.2(b)(1)(A), based on Hughes remaining unlawfully in the United States after a conviction for a crime of violence and a firearm offense. The court, instead, applied an 8-level enhancement, § 2L1.2(b)(1)(C), because Hughes had an aggravated felony conviction. The court also rejected the PSI's recommended sentencing range of 100 to 125 months' imprisonment.

§ 3553(a) in fashioning a sentence. The court then noted that Hughes had received lenient sentences in the past and that a 60-month sentence was necessary to protect the public from further crimes by Hughes, to reflect the seriousness of the repeated offenses, to promote respect for the law, and to provide just punishment.

Hughes first argues that his sentence is illegal because the district court applied a 20-year statutory maximum sentence, under 8 U.S.C. § 1326(b)(2), based on his earlier convictions, which were not alleged in the indictment and were not submitted to a jury. Instead, Hughes contends that he should have been exposed to the two-year statutory maximum sentence, under § 1326(a), that would have applied without consideration of his earlier convictions. He recognizes that this Circuit's interpretation of Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), forecloses this argument; but he wishes to preserve the issue.[2] Hughes correctly concedes that Almendarez-Torres remains binding precedent. See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005). The district court, thus, committed no error by

---

[2]In Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), the Supreme Court stated that the government need not allege in the indictment and need not prove beyond a reasonable doubt that a defendant had a prior conviction for a district court to use that conviction to enhance a sentence. See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005).

considering Hughes's felony convictions in determining the applicable maximum statutory sentence.

Hughes also challenges the district court's imposition of a sentence above the guideline range. He contends that his sentence is unreasonable because it is premised on a criminal history departure not recognized by the sentencing guidelines: the district court's characterization of his earlier sentences as "light," even though Hughes was classified at the highest criminal history category, VI. Hughes also faults the district court for failing to conduct the guideline departure analysis required by U.S.S.G. § 4A1.3.

Post-Booker, we review sentences for reasonableness. See United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (per curiam). After the district court has calculated the guideline sentencing range accurately, the court then may impose a more severe or more lenient sentence as long as the sentence is reasonable. See United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). In determining whether a sentence is unreasonable, we are guided by the factors set forth in 18 U.S.C. § 3553(a). See Winingear, 422 F.3d at 1246. These factors include (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just

4

punishment, (4) the need to protect the public, and (5) the guideline range. See 18 U.S.C. § 3553(a).

We first reject Hughes's suggestion that the district court's sentencing decision was, in effect, a disguised upward departure under § 4A1.3. The sentencing transcript shows that the district court understood that, pre-Booker, it would have to depart upwardly to impose a sentence outside the guideline range. The district court, however, recognized its discretion, post-Booker, in determining Hughes's sentence after calculating the guideline range. The district court's decision to sentence Hughes above the guideline range was an exercise of the court's discretion: this decision was not a departure, and the court was not required to conduct an upward departure analysis.

Hughes's sentence is not unreasonable. After determining that the applicable guideline range was 33 to 41 months' imprisonment, the district court appropriately considered the factors in § 3553(a) in imposing a sentence above the guideline range. The court specifically referred to Hughes's history, including repeated convictions for similar conduct. The court considered the need for the sentence to promote respect for the law, to afford adequate deterrence, and to protect the public from further crimes by Hughes. And we note that the Hughes's 60-month sentence is only one-quarter of the statutory maximum sentence.

The district court properly detailed why, based on its consideration of the § 3553 factors, a sentence above the guideline range was warranted. Thus, after reviewing the record and the § 3553(a) factors, we are satisfied that Hughes's 60-month sentence is not unreasonable.

AFFIRMED.

6